THOMPSON, J.
 

 (concurring in part and dissenting in part). I concur in that part of the opinion which holds that the statute which provides that statements made by the insured in his application for insurance shall not form a part of the contract or be used in defense of a claim under the policy, unless they are attached to or indorsed upon the policy, applies to statements made in an application for “establishing” or putting a lapsed policy in force as well as to the original application.
 

 I dissent, however, from the decree which remands the case to the Court of Appeal. The reason given for remanding the case is that the writ of review was only issuéd on the question of law on which the Court of Appeal based its decision, and that the ques
 
 *629
 
 tion of liability of tbe company was not decided by the Court of Appeal.
 

 Both the district court and the Court of Appeal considered the case on its merits. The district judge found that there was no fraud, concealment, or misrepresentation in either the original application and medical examination, or in that on which the original policy was established.
 

 The Court of Appeal being of the opinion that Act 227 of 1916 was not applicable to an application and medical examination for “establishing” a policy, found as a matter of fact that the statements made by the insured for “establishing” the policy were false and untrue, and rejected the plaintiff’s demand.
 

 The Court of Appeal in its opinion distinctly said, however, that the evidence was not clear as to the falsity of the answers of the insured in his first examination. It is very clear, therefore, that the court would have affirmed the judgment of the district court on that question of fact but for its finding of fact in the second application and medical examination and' its opinion as to tbe inapplicability of the Act of 1916.
 

 The Constitution has vested in the Supreme Court in all cases ordered up for review, whether on application of one of the litigants or on application by the Court of Appeal for instructions, the authority to determine issues of both law and fact the same as if the case had been brought directly by appeal to said court. Constitution 1921, §§ 11 and 25, art. 7.
 

 No good purpose can be served, as I see it, by remanding the ease. On the contrary, it will involve a useless and unnecessary delay in the final disposition of the case, and the party cast finally in the Court .of Appeal will have the legal right to apply to this court for review of such final decision. I think the ends of justice require that the case ;be finally disposed of by this court.